**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| NATHAN LEROY HICKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-01732-MTS |
| ) | |
| SHAWN PETTIGREW, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER OF TRANSFER**

This matter is before the Court upon review of the complaint filed by self-represented Plaintiff Nathan Leroy Hicks, an inmate at Crossroads Correctional Center in Cameron, Missouri. Doc. [1]. For the reasons explained below, this case will be transferred to the United States District Court for the Western District of Missouri.

Plaintiff brings this case under 42 U.S.C. § 1983 against Shawn Pettigrew, the Acting Warden at Crossroads Correctional Center. Doc. [1] at 1-3. Plaintiff seeks "to collect some of [his] social security benefit money" so that he can afford to adhere to the "strict diet" needs required by his inflammatory bowel disease—needs which are not currently being met by the diet provided at Crossroads. *Id.* at 6; Doc. [1-2] at 1-2. Crossroads Correctional Center is located in DeKalb County, Missouri which is in the Western District of Missouri. *See* 28 U.S.C. § 105(b)(3).

Under 28 U.S.C. § 1391(b), a civil action of this type may be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial

district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Plaintiff here has alleged no basis for venue being proper in this Court. The defendant Warden Pettigrew and any events giving rise to a claim of improper diet to accommodate Plaintiff's medical disease, occurred in Cameron, Missouri at Crossroads Correctional. Cameron is located within the boundaries of the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 105(b)(3). Plaintiff makes no allegation of any act or omission occurring within the jurisdictional boundaries of this Court, nor does Plaintiff allege that the defendant resides within this district. None of the requirements of § 1391 are present in this case and therefore, venue in this Court is not proper.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court concludes that it is in the interest of justice to transfer this case to the United States District Court for the Western District of Missouri for all further proceedings.

Finally, the Court recognizes that Plaintiff has a pending motion to proceed *in forma pauperis*. Doc. [2]. The Court believes it best if the transferee district address Plaintiff's motion and if necessary, order the payment of any appropriate initial partial filing fee.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 1404(a).

Dated this 22nd day of January 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE